Jennifer Ishimoto, SBN 211845
John Lee, SBN 229911
Banie & Ishimoto LLP
3705 Haven Ave., #137
Menlo Park, California 94025
Telephone: 650-241-2773
Email: ishimoto@banishlaw.com

Attorneys for Plaintiff Landmark Technology LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOURMETGIFTBASKETS.COM, INC.<br><br>Defendant. | CASE NO. **'17CV0851 AJB KSC**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Landmark Technology, LLC ("Landmark"), for its Complaint against GourmetGiftBaskets.com, Inc. ("Defendant" or "GourmetGiftBaskets.com"), alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

1

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over GourmetGiftBaskets.com because on information and belief GourmetGiftBaskets.com has transacted and is transacting business in the Southern District of California that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where GourmetGiftBaskets.com has done business and committed infringing acts and continues to do business and to commit infringing acts.

## **PARTIES**

5. Plaintiff Landmark Technology, LLC ("Landmark") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 329 Laurel, San Diego, CA 92101.

6. Landmark is informed and believes, and on that basis alleges, that GourmetGiftBaskets.com is a New Hampshire with its principal place of business at 60 Gourmet Place, Exeter, NH 03833. Landmark is further informed and believes, and on that basis alleges, that GourmetGiftBaskets.com is in the business of gift baskets and arrangements and derives a significant portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, the Internet website located at http://www.GourmetGiftBaskets.com (the "Website") and/or the GourmetGiftBaskets.com functionality found at https://www.gourmetgiftbaskets.com/cart.aspx, and incorporated and/or related systems. Landmark is informed and believes, and on that basis alleges, that, at all times relevant hereto, GourmetGiftBaskets.com has done and continues to do

2

business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the GourmetGiftBaskets.com Website.

**FACTS**

7. On September 11, 2001, United States Patent No. 6,289,319 entitled "Automated Business and Financial Transaction Processing System" was duly and legally issued to Lawrence B. Lockwood as inventor. A true and correct copy of United States Patent No. 6,289,319 is attached hereto as Exhibit A and incorporated herein by this reference.

8. Specifically, the '319 Patent claims a novel automatic data processing system, including an interactive multimedia terminal capable of providing a video-based user interface while both dynamically sending and fetching remote information in order to fetch new inquiring sequences for the user. Conventional terminals prior to the invention claimed in the '319 Patent, such as that disclosed in U.S. Pat. No. 4,359,631, were incapable of supporting an interactive video presentation while at the time sending and fetching information to and from remote locations; attempting to perform these functions at the same time on prior art terminals would have resulted in the congestion of their systems, rendering them virtually inoperable.

9. To solve these issues, the '319 Patent introduced a novel hardware improvement in the claimed terminal. As demonstrated in Figure 2 of the '319 Patent, a DMA unit was positioned independently along its own information handling connection within the terminal, unlike the systems of the prior art. This unconventional hardware architecture enabled a higher level of interactivity and personalization of user transactions. In an amendment filed on September 19, 1995, during prosecution of the '319 Patent, the inventor stressed that his claims "define a new set of interrelated apparatuses" and thus that "the claims do not merely recite

3

the use of 'conventional hardware,'" but were directed to a "claimed new machine," not a method of doing business.

10. Following a reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C1, on July 17, 2007, confirming the validity of all six (6) original claims and allowing twenty-two (22) additional claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C1 is attached hereto as Exhibit B and incorporated herein by this reference.

11. Following a second reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C2, on January 31, 2013, confirming the validity of all twenty eight (28) original claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C2 is attached hereto as Exhibit C and incorporated herein by this reference (United States Patent No. 6,289,319, together with the additional claims allowed by Ex Parte Reexamination Certificate, Number US 6,289,319 C1, and reaffirmed by Ex Parte Reexamination Certificate, Number US 6,289,319 C2 shall hereinafter be referred to as the "'319 Patent.")

12. On September 1, 2008, Lockwood licensed all rights in the '319 Patent to Landmark. Landmark is the exclusive licensee of the entire right, title and interest in and to the '319 Patent, including all rights to enforce the '319 Patent and to recover for infringement. The '319 Patent is valid and in force.

13. On or about May 23, 2016, Landmark sent GourmetGiftBaskets.com a letter informing GourmetGiftBaskets.com of the '319 Patent that GourmetGiftBaskets.com's actions, as more fully described below, constituted infringement of the '319 Patent.

14. As more fully laid out below, GourmetGiftBaskets.com has been and is now infringing the '319 Patent, in this judicial district and elsewhere, by providing

4

its products/services using electronic transaction systems, which, individually or in combination, incorporate and/or use subject matter claimed by the '319 Patent.

## FIRST CLAIM FOR RELIEF

**(Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a))**

15. Landmark refers to and incorporates herein by reference paragraphs 1-14.

16. GourmetGiftBaskets.com has directly infringed, and continues to directly infringe, at least Claims 1, 3, 7, 8, 9, 11, and/or 18 of the '319 Patent in this judicial district and elsewhere in California and the United States, through the sales and distribution via electronic transactions conducted on and using at least, but not limited to, its website located at http://www.GourmetGiftBaskets.com.com.

17. The claims of the '319 Patent relate to "an automated data processing system for processing business and financial transactions between entities from remote sites" comprising a variety of features.

18. The GourmetGiftBaskets.com functionality referenced above is "an automated data processing system for processing business and financial transactions between entities from remote sites" practicing the claims of the '319 Patent.

19. By way of example only, and without limitation, GourmetGiftBaskets.com' Website, functionality and supporting server infringes at least Claims 1, 3, 7, 8, 9, 11, and/or 18 of the '319 Patent in that, the GourmetGiftBaskets.com Website, functionality and supporting server, and/ provide a system that practices all of the limitations of the claims and on which GourmetGiftBaskets.com processes business information and places purchase orders, including:

   a. The functionality and supporting server is an automatic data processing system for processing business and financial transactions between entities from

remote sites running the GourmetGiftBaskets.com's functionality which is in communication with the GourmetGiftBaskets.com's server.

  b. The GourmetGiftBaskets.com's system includes a central processor (the server and its supporting systems) programmed and connected to process a variety of inquiries and orders transmitted from the GourmetGiftBaskets.com's functionality running at said remote sites. GourmetGiftBaskets.com's system allows for a broad range of transactions, thus a range of orders are possible. The system processes a "variety of inquiries and orders," such as inquiries regarding order history and order status, and the placement of orders for products.

  c. The system is operated through a terminal (e.g., the GourmetGiftBaskets.com's computer(s) at each of said remote sites), which terminal includes a data processor and operates in response to operational sequencing lists of program instructions (the code constituting the transaction systems). That terminal includes a DMA positioned independently on its own information handling connection, or its equivalent.

  d. The system fetches additional inquiring sequences in response to a plurality of data entered through a keyboard and in response to information received from the central processor. For example, the Website asks the user to enter a new email address or password when those that were entered do not match those stored remotely.

  e. The server of the System and GourmetGiftBaskets.com's computerized station(s), together with software, practice all of the remaining limitations of Claim 1, 3, 7, 8, 9, 11, and/or 18 of the '319 Patent. GourmetGiftBaskets.com's Website, functionality and server, and incorporated and/or related systems, put the invention into service.

  20. GourmetGiftBaskets.com's Website exerts control over the transactions placed via the claimed terminal. For example, as explained at

6

Landmark Technology LLC v. GourmetGiftBaskets.com, Inc.
Complaint for Patent Infringement

http://www.gourmetgiftbaskets.com/Privacy.aspx, GourmetGiftBaskets.com's Website may use cookies because "[c]ookies can help customize the Site for visitors."

21. GourmetGiftBaskets.com, on information and belief, is also engaged in internal use of the claimed system, by developing and testing versions of its Website on its own servers. For example, as reported at http://www.nhbr.com/March-4-2016/Tech-Tidbits-From-Across-NH/, GourmetGiftBaskets.com is actively engaged in "implementing" the "e-commerce platform" on its website as well as "creating a new website using responsive design." GourmetGiftBaskets.com, therefore, by the acts complained of herein, is making, using, selling, or offering for sale in the United States, including in the Southern District of California, products and/or services embodying the invention, and has in the past and is now continuing to infringe the '319 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

22. GourmetGiftBaskets.com threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Landmark's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford Landmark adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Landmark does not have an adequate remedy at law to compensate it for the injuries threatened.

23. By reason of the acts of GourmetGiftBaskets.com alleged herein, Landmark has suffered damage in an amount to be proved at trial.

24. Landmark is informed and believes, and on that basis alleges, that the infringement by GourmetGiftBaskets.com is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Landmark to attorneys' fees and enhanced damages.

Landmark Technology LLC v. GourmetGiftBaskets.com, Inc.
Complaint for Patent Infringement

## SECOND CLAIM FOR RELIEF

## (Inducing Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(b))

25. Landmark refers to and incorporates herein by reference paragraphs 1-21.

26. Landmark is informed and believes, and on that basis alleges, that GourmetGiftBaskets.com has actively and knowingly induced infringement of the '319 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers to utilize their own device in combination with https://www.GourmetGiftBaskets.com and https://www.gourmetgiftbaskets.com/cart.aspx, and incorporated and/or related systems, to search for and order information and products from www.GourmetGiftBaskets.com in such a way as to infringe the '319 Patent.

27. For example, GourmetGiftBaskets.com is inducing its customers to infringe by encouraging them to create new accounts and to sign in to their accounts using their login information to retrieve their order histories, e.g., at https://www.gourmetgiftbaskets.com/login.aspx.

28. By reason of the acts of GourmetGiftBaskets.com alleged herein, Landmark has suffered damage in an amount to be proved at trial.

29. GourmetGiftBaskets.com threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Landmark's irreparable injury. Landmark does not have an adequate remedy at law.

30. Landmark is informed and believes, and on that basis alleges, that the infringement by GourmetGiftBaskets.com is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Landmark to attorneys' fees and enhanced damages.

## JURY DEMAND

Landmark demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Landmark prays for relief as follows:

A. Judgment that GourmetGiftBaskets.com has directly infringed, and induced others to infringe, the '319 Patent either literally and/or under the doctrine of equivalents;

B. Judgment that GourmetGiftBaskets.com' infringement of the '319 Patent has been willful;

C. Judgment permanently enjoining GourmetGiftBaskets.com, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '319 Patent, and from inducing others to infringe the '319 Patent;

D. Judgment awarding Landmark general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of GourmetGiftBaskets.com' profits or gains of any kind from its acts of patent infringement;

E. Judgment awarding Landmark enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of GourmetGiftBaskets.com's infringement;

F. Judgment awarding Landmark all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

G. Judgment awarding Landmark pre-judgment and post-judgment interest; and

9

H. Judgment awarding Landmark such other and further relief as the Court may deem just and proper.

Dated: April 26, 2017

Respectfully submitted,

BANIE & ISHIMOTO LLP

By /s/ Jennifer L. Ishimoto
Jennifer L. Ishimoto
ishimoto@banishlaw.com
John A. Lee
jlee@banishlaw.com

Attorneys for Plaintiff
Landmark Technology, LLC

## **DEMAND FOR JURY TRIAL**

Landmark demands a jury trial on all claims as to which it has a right to a jury trial.

| | |
|---|---|
| Dated: April 26, 2017 | Respectfully submitted, |
| | BANIE & ISHIMOTO LLP |
| | By /s/ Jennifer L. Ishimoto |
| | Jennifer L. Ishimoto<br>ishimoto@banishlaw.com<br>John A. Lee<br>jlee@banishlaw.com |
| | Attorneys for Plaintiff<br>Landmark Technology, LLC |